

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| TH:BW | *271 Cadman Plaza East* |
| F. #2016R00182 | *Brooklyn, New York 11201* |

May 11, 2023

By ECF and Hand

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Ramy Joudeh
> Criminal Docket No. 17-295 (S-2) (DLI)

Dear Judge Irizarry:

The government respectfully submits this sentencing memorandum in advance of the May 17, 2023 sentencing hearing for the defendant Ramy Joudeh.[1]  For the reasons set forth below, the government respectfully submits that a term of incarceration within the Guidelines range is appropriate in this case.  This range balances the seriousness of the defendant's crime, the defendant's role as a public official during the time of the offense and the need for both specific and general deterrence of like behavior.

I.     Background

On August 9, 2019, the defendant was charged by complaint with conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841 and 846.  (ECF No. 8).  The defendant was arrested on August 14, 2019.  (Revised Presentence Investigation Report ("PSR") ¶ 36).  On September 4, 2019, the defendant was charged by indictment with conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B)(vii) and 846, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii).  (ECF No. 91).  On December 1, 2022, the defendant pleaded guilty, pursuant to a plea agreement with the government, to a single-count superseding information, charging him with use of a communication facility to commit and facilitate the

---

[1]     The government notes that, pursuant to the Court's December 1, 2022 Order, the government's sentencing submission was due on May 1, 2023.  The government apologizes for the delay in the filing of its submission.

commission of a felony drug offense, in violation of 21 U.S.C. §§ 843(b) and 843(d)(1).  (PSR ¶ 1).

The defendant was a member of a transnational marijuana trafficking network that transported marijuana from California to New York.  (See PSR ¶¶ 5-17).  The trafficking network made multiple shipments of marijuana, including shipments on February 6, 2015, February 13, 2015, March 20, 2015, and March 27, 2015.  (PSR ¶ 16).  The trafficking network also coordinated multiple shipments of money from the sale of marijuana from New Jersey to California, including shipments on January 15, 2015, March 5, 2015, and March 26, 2015.  (PSR ¶ 16).  Joudeh's role in the trafficking network initially involved him paying co-defendant Richard Gambale $20,000 to purchase a share of the marijuana that was trafficked by the network.  (PSR ¶ 36).  Joudeh also collected drug proceeds on behalf of Gambale while Gambale was in prison.  (PSR ¶ 36).  In furtherance of the collection of drug proceeds on behalf of Gambale, the defendant introduced another co-defendant, Daniel Etkin, into the narcotics trafficking conspiracy.  (PSR ¶ 36).

II.     Applicable Law

The Supreme Court has explained that the Court "should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing Guidelines ("Guidelines" or "U.S.S.G")] range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [it] may not presume that the Guidelines range is reasonable.  [It] must make an individualized assessment based on the facts presented."  Id. at 50 (citation and footnote omitted).  Title 18, United States Code, Section 3553(a) provides, in part, that in imposing sentence, the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct; [and]
>    (C) to protect the public from further crimes of the defendant.

Section 3553 also recognizes the need to afford the defendant opportunities for rehabilitation.  See 18 U.S.C. § 3553(a)(2)(D).  Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence.  The district court must also "remain cognizant of them throughout the sentencing process."  Gall, 552 U.S. at 50 n.6.

III.    The Sentencing Guidelines

The government submits that the applicable Guidelines calculation, which was set forth in the plea agreement, is as set forth below:

| | |
|---|---|
| Base Offense Level (§§ 2D1.6(a), 2D1.1(c)(13)) | 14 |
| Less: Minimal Role (§ 3B1.2(a)) | -4 |
| Less: Global Resolution (§ 5K2.0) | -1 |
| Less: Acceptance of Responsibility (§§ 3E1.1(a)) | <u>-2</u> |
| Adjusted Total: | <u>7</u> |

The adjusted total offense level is 7, which, based on a Criminal History Category of I, carries an advisory Guidelines range of 0 to 6 months' incarceration.

IV.    A Guidelines Sentence is Appropriate

The government respectfully submits that a sentence within the applicable Guidelines range is sufficient, but not greater than necessary, to achieve the goals of sentencing.

The defendant's history and characteristics militate in favor of a Guidelines sentence.  Most notably, the defendant was an assistant district attorney in the Kings County District Attorney's Office from April 2015 – April 2016, which time period encompassed the period when he engaged in the instant offense.  The defendant was a public servant and officer of the court who was specifically charged with prosecuting criminals.  The defendant violated the public's trust and his professional oaths and duties.  That the defendant engaged in the offense conduct while enforcing the laws of this state is particularly galling.

Also of particular concern is that the defendant continued to participate in the drug trafficking conspiracy, and specifically operated on behalf of Gambale, even after Gambale was imprisoned for fatally stabbing another person during a money-related dispute in January 2016.  (PSR ¶ 27).  Further, during this time, the defendant introduced his lifelong friend Etkin into the conspiracy.  Absent the defendant's conduct, Etkin would have never become involved in the drug trafficking network.  (PSR ¶ 36).

For the foregoing reasons, a sentence within the Guidelines range would adequately address the seriousness of the defendant's crime, account for his abuse of the public's trust and deter the defendant and others from similar behavior.

V.        Conclusion

        The government respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary to achieve of the goals of sentencing, <u>see</u> 18 U.S.C. § 3553(a)(2), which, in this case, is a term of incarceration of 0 to 6 months, as set forth in the plea agreement.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:    /s/ Benjamin Weintraub
        Benjamin Weintraub
        Assistant U.S. Attorney
        (718) 254-6519